IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01967-BNB

SAMUEL G. ARMIJO,

    Plaintiff,

v.

KATHRYN M. HAY,
LARIMER COUNTY JUSTICE CENTER, and
CLIFF RIDEL,

    Defendants.

---

## ORDER OF DISMISSAL

---

        Plaintiff, Samuel G. Armijo, is a prisoner incarcerated at the Cheyenne Mountain

Re-Entry Center in Colorado Springs, Colorado.  He initiated this action by submitting

*pro se* a Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28

U.S.C. § 1915.  After determining that the documents were deficient, Magistrate Judge

Boyd N. Boland instructed Mr. Armijo to file his documents on the court-approved forms

and to file an amended prisoner complaint that sues the proper parties and complies

with Rule 8 of the Federal Rules of Civil Procedure.  Mr. Armijo filed an Amended

Prisoner Complaint (ECF No. 11) and Prisoner's Motion and Affidavit for Leave to

Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 17) on the proper, court-approved

forms.

        On October 7, 2014, the Court granted Mr. Armijo leave to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915 in this action.  Pursuant to § 1915(e)(2)(B), the

Court must dismiss the action if the claims Mr. Armijo is asserting are frivolous, malicious, or seek monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Mr. Armijo is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

On July 18, 2014, Magistrate Judge Boland entered an order (ECF No. 5) directing Mr. Armijo to file an amended prisoner complaint. In the July 18 Order, Magistrate Judge Boland advised Mr Armijo that his claims challenging his current incarceration are barred by the rule in *Heck v. Humphrey,* 512 U.S. 447 (1994). Magistrate Judge Boland also informed Mr. Armijo that his sole federal remedy to challenge his criminal convictions and to obtain release from incarceration, after he has exhausted state court remedies, is a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 504 (1973). He also informed Mr. Armijo that the Court will not consider the merits of any habeas corpus claims in this civil rights action. Magistrate Judge Boland further advised Mr. Armijo that he may not sue the state court in Larimer County and Defendant District Attorney Cliff Ridel because state courts and state prosecutors are protected by Eleventh Amendment immunity. Finally, Magistrate Judge Boland

2

explained that the Complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because Mr. Armijo failed to provide a short and plain statement of any constitutional claims showing he is entitled to relief.

On September 2, 2014, Mr. Armijo submitted an Amended Prisoner Complaint (ECF No. 11) pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 against Defendants Public Defender Kathryn M. Hay, Larimer County Justice Center, and District Attorney Cliff Ridel.  The Court must construe Mr. Armijo's Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Prisoner Complaint will be dismissed.

Despite his characterization, Mr. Armijo appears to be challenging his state court convictions in Larimer County.  He asserts the following three claims: (1) violation of his due process rights to a fair trial where Defendant Hay "did not represent me with my best interest at mind" and Defendant Ridel "prosicuted (sic) me based on emotion not fact and evidence;" (2) violation of his due process rights where he "was not compotent (sic) to stand trial due to medical condition, pain, confusion;" and (3) discrimination at trial "because of being the only survivor or because I am Mexican American."  (*See* ECF No. 11 at 4-6).  He seeks release from incarceration and money damages.

Mr. Armijo's challenge to his state convictions and attempted habeas corpus relief may not be raised in a civil rights action pursuant to 42 U.S.C. § 1983.  *See Preiser,* 411 U.S. at 500 (prisoner challenging the fact or duration of his sentence must seek habeas corpus relief).

To the extent Mr. Armijo is seeking other relief, the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  Mr. Armijo's claims are all based on the argument that he was deprived of due process, and they implicitly question the validity of his convictions.  He does not allege that he has invalidated any convictions that pertain to his current confinement and its duration, and therefore his claims are barred under *Heck.*

Moreover, Mr. Armijo is suing improper parties.  First, his claims against Defendant Ridel are subject to dismissal based on the doctrine of prosecutorial immunity.  State prosecutors are absolutely immune from a civil rights suit based on actions taken within the scope of their prosecutorial duties.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978). Initiating and pursuing a criminal prosecution are acts are "'intimately associated with the judicial process'" *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430).  Mr. Armijo's allegations against Defendant Ridel concern the prosecution of Mr. Armijo's case, and thus Defendant Ridel is entitled to absolute prosecutorial immunity from this lawsuit.

Second, his claims of ineffective assistance of counsel against Defendant Hay based on her role as Mr. Armijo's public defender are not cognizable here.  The Supreme Court has stated that "a public defender does not act under color of state law

4

when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981).  Additionally, "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Garza v. Bandy,* 293 Fed. Appx. 565, 566-67 (10th Cir. 2008) (unpublished) (citing *Briscoe v. LaHue,* 460 U.S. 325, 329 n.6 (1983)).  Mr. Armijo's claims of ineffective assistance of counsel should have been brought on direct appeal in his criminal case or on habeas corpus review.[1]  Thus, Mr. Armijo's claims against Defendant Hay may not proceed here.

For these reasons, the instant action will be dismissed pursuant to *Heck.*  A *Heck* dismissal counts as a strike under § 1915(g).  *See Hafed v. Federal Bureau of Prisons,* 635 F.3d 1172, 1177-78 (10th Cir. 2011).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Armijo files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

---

[1]The Court may take judicial notice of its own records and files that are part of the Court's public records.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979).  In Case No. 04-cv-02609-WYD, Mr. Armijo filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state convictions.  The Court denied the application and dismissed the case with prejudice, including Mr. Armijo's claim that his public defender was ineffective.  (*See* ECF No. 20 at 11).  In Case No. 12-cv-01632-LTB, Mr. Armijo attempted to again challenge his conviction based on the same ineffective assistance of counsel claim.  The Court, therefore, dismissed the action for lack of jurisdiction because it was a second or successive application.  (*See* ECF No. 6 at 1-2).

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Amended Prisoner Complaint (ECF No. 11) and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey,* 512 U.S. 477 (1994).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __9th__ day of __October_____, 2014.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court